# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JANA STEELE,                                      )
                                                  )
       **Plaintiff,**                          )
                                                  )    **CIVIL ACTION**
**v.**                                            )
                                                  )    **No. 12-2659-KHV**
                                                  )
KMG ENTERPRISES, INC., d/b/a/                     )
IHOP OF LAWRENCE,                                 )
                                                  )
       **Defendant.**                          )
_____  )

## MEMORANDUM AND ORDER

Jana Steele brought this suit against KMG Enterprises, Inc., d/b/a/ IHOP of Lawrence, asserting employment discrimination under Title VII, 42 U.S.C. § 2000e, and the Kansas Acts Against Discrimination, K.S.A. § 44-1009 et seq. On May 24, 2013, plaintiff accepted defendant's offer of judgment for $7,500.00. See Defendant's Offer Of Judgment (Doc. #30); Notice Of Plaintiff's' Acceptance Of Defendant's Offer Of Judgment (Doc. #31), both filed May 24, 2013. This matter comes before the Court on Plaintiff's Motion For Costs and Attorney Fees (Doc. #38) filed June 26, 2013. For reasons set forth below, the Court finds that the motion should be overruled.

## Factual Background

On May 24, 2013, defendant made an offer of judgment under Rule 68, Fed. R. Civ. P., as follows:

> Defendant KMG Enterprises, Inc. d/b/a IHOP of Lawrence, by undersigned counsel, and pursuant to Federal Rule of Civil Procedure 68, makes the following Offer of Judgment, which shall expire if not accepted by Plaintiff within fourteen (14) days of service. This offer may only be accepted if, within fourteen (14) days after service of this offer, Plaintiff serves written notice that the offer is accepted, and then this offer, together with a Notice of Acceptance, will serve as the basis of a judgment

entry for the District Court.

> If the offer is not accepted by the Plaintiff as set forth in Rule 68, it shall be deemed withdrawn and evidence thereof is not admissible. If the Plaintiff fails to obtain a judgment more favorable than that offer, the Plaintiff shall not recover costs in the Court from the time of this offer, but shall pay costs from that time.

> Defendant's offer is to allow judgment to be taken against it on all counts for the total sum of $7,500.00.

> For purposes of clarification, Defendant does not offer $7,500.00 plus attorneys' fees. Defendant does not offer $7,500.00 for each count. Rather, the total amount of the judgment offered to Plaintiff is $7,500.00.

> By making this offer, and even if accepted by Plaintiff, Defendant does not admit that it violated any law, statute or ordinance or breached any duty to Plaintiff.

Doc. #30. That same day, plaintiff accepted the offer. Doc. #31.

On June 19, 2013, plaintiff's counsel sent defendant an email which stated, among other things, that "pursuant to Rule 68, plaintiff is a prevailing party and will be seeking her attorneys fees and costs." Doc. #37-2. Plaintiff seeks $53,008.50 in attorney's fees and $3,856.65 in costs.

## **Analysis**

Rule 68, Fed. R. Civ. P., provides in pertinent part as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. . . . [If the offer is not accepted] and the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68 (emphasis added). Under Rule 68, a defendant can protect itself from the costs associated with protracted litigation by making a formal offer of judgment. If the plaintiff rejects the offer and later obtains a final judgment which is less than the settlement offer, the plaintiff is responsible for the litigation costs which the defendant incurred after the date of the offer. Id.; see

Knight v. Snap-On Tools Corp., 3 F.3d 1398, 1404 (10th Cir. 1993) (citing Marek v. Chesny, 473 U.S. 1, 5 (1985)). The rule is designed to encourage settlement and avoid protracted litigation. Marek, 473 U.S. at 6. Rule 68 puts significant pressure on the plaintiff, and rejection of an offer can have serious consequences for the plaintiff. Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998). Thus, although courts apply general principles of contract law when interpreting offers of judgment, they do so through the lens of Rule 68. See Thompson v. S. Farm Bureau Cas. Ins. Co., 520 F.3d 902, 904 (8th Cir. 2008); Basha v. Mitsubishi Motor Credit of Am. Inc., 336 F.3d 451, 453-54 (5th Cir. 2003). Courts construe any ambiguity in a Rule 68 offer against defendant. See Webb, 147 F.3d at 623.

"Costs" under Rule 68 include those costs set forth in 28 U.S.C. § 1920,[1] and also include costs defined by the underlying substantive law. Thus, where an underlying statute provides attorney's fees to a prevailing party as costs, attorney's fees are part of Rule 68 costs. Marek, 473

_____

[1]     Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

U.S. at 9 (in § 1983 suit, attorney's fees are "costs" for purposes of Rule 68 because under 42

U.S.C. § 1988, prevailing party entitled to attorney's fees "as part of the costs"); see Parkes v. Hall,

906 F.2d 658, 660 (11th Cir. 1990) (limiting costs shifted to plaintiff under Rule 68 to those

enumerated in 28 U.S.C. § 1920, unless substantive law applicable to particular cause of action

expands general § 1920 definition). In this case, plaintiff alleged claims under Title VII, which

provides that a prevailing party is entitled to a reasonable attorney's fee as part of the costs. 42

U.S.C. § 2000e-5(k); see Sussman v. Patterson, 108 F.3d 1206, 1210 (10th Cir. 1997) (citing Marek,

373 U.S. at 9). Thus, here, Rule 68 "costs" include attorney's fees for a prevailing party. See 42

U.S.C. § 2000e-5(k).

The Supreme Court has held that a Rule 68 offer of judgment may include lump-sum offers

that are inclusive of all damages, costs and attorney's fees. Marek, 473 U.S. at 6-7; see Scottsdale

Ins. Co. v. Tolliver, 636 F.3d 1273, 1276 (10th Cir. 2011) (lump-sum offer inclusive of costs)

(dicta); Pelkowski v. Highland Managed Care Grp., Inc., 44 F. App'x 1, 2 (7th Cir. 2002)

(defendant's offer clearly articulated that lump-sum was offered in complete satisfaction of all

claims asserted, inclusive of costs including attorney's fees). Defendant bears the burden of clearly

articulating the intended legal consequences of an offer of judgment because defendant is the master

of the offer under Rule 68. See Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.,

298 F.3d 1238, 1244 (11th Cir. 2002) (offer of judgment must unambiguously include attorney's

fees to bar plaintiff who accepts offer from seeking additional attorney's fees); Nordby v. Anchor

Hocking Packaging Co., 199 F.3d 390 (7th Cir. 1999). If an offer is ambiguous as to whether it

includes attorney's fees, the Court must construe it against the offeror. See 13 James W. Moore,

Moore's Federal Practice § 68.02[4] (3d ed. 2011); see also Henderson v. Horace Mann Ins. Co.,

No. 03-0526-CVE, 2006 WL 1878897, at *3 (N.D. Okla. July 6, 2006) (despite intent to include

attorney's fees in lump sum offer, defendant did not make intention clear on face of offer).

Here, defendant offered "judgment to be taken against it on all counts for the total sum of $7,500.00," and further stated, "[f]or purposes of clarification, [d]efendant does not offer $7,500.00 plus attorneys' fees.  Defendant does not offer $7,500.00 for each count.  Rather, the total amount of the judgment offered to [p]laintiff is $7,500.00.  It includes the entire liability for the claims."  Plaintiff asserts that the offer of judgment was ambiguous as to whether it includes costs, including attorney's fees, and that the Court therefore must construe it against defendant.  Plaintiff's Memorandum In Support of Motion For Costs And Attorney's Fees (Doc. #35) filed June 7, 2013, at 3-5[2] (citing Utility Automation 2000, 298 F.3d at 1244) (only offeror can ensure that offer clearly includes or excludes fees).  Defendant responds that the offer of judgment was a lump sum offer of $7,500.00, and that plaintiff is not entitled to additional costs, including attorney's fees.  See Defendant's Memorandum In Opposition (Doc. #37) filed June 19, 2013, at 12-13 (citing Scottsdale, 636 F.3d at 1276; Pelkowski, 44 F. App'x at 2 (defendant's offer clearly articulated that lump-sum was offered in complete satisfaction of all claims asserted, inclusive of costs including attorney's fees); Blumel v. Mylander, 165 F.R.D. 113, 116 (M.D. Fla. 1996); Basha, 336 F.3d at 454.  The Court agrees.  The plain language of the offer – "the total amount of the judgment offered to [p]laintiff is $7,500.00 [and] . . . includes the entire liability for the claims" – clearly indicates that defendant intended to offer a lump sum of $7,500.00 to settle all claims, including attorney's fees

---

[2]        Plaintiff cites the concurrence in Delta Airlines Inc. v. August, 450 U.S. 346, 362-63 (1981) for the proposition that a Rule 68 offer of judgment must include reasonable attorney's fees to date of offer.  In his concurrence, Justice Powell stated that under Rule 68, a defendant may make a specified offer for substantive relief, but the trial court retains discretion as to the award of costs and reasonable attorney's fees.  See id. at 362 (in Title VII case, holding that plain language of Rule 68 does not require plaintiff to pay costs incurred after she rejected offer when she did not obtain judgment).

and other costs.[3] See Marek, 473 U.S. at 7; see also Olds v. Nat'l Capital Mgmt. Ltd., No. 87-2589-O, 1988 WL 130622, at *3 (D. Kan. Nov. 30, 1988) (where rejected offer stated "total amount" offered, language unambiguously applied to defendants' entire liability, including liability for costs and attorney's fees).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Costs and Attorney Fees (Doc. #38) filed June 26, 2013 be and hereby is **OVERRULED**.

Dated this 7th day of January, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[3]    Plaintiff argues that the offer's explicit statement that it includes attorney's fees renders it ambiguous as to other costs. It is unclear whether courts may consider extrinsic evidence to resolve ambiguities in a Rule 68 offer. Although the Tenth Circuit has no published case directly on point, it appears that the Tenth Circuit would consider extrinsic evidence to resolve purported ambiguities. See, e.g., Medina v. Hous. Auth. Of San Miguel Cnty., 974 F.2d 1345 (Table) (10th Cir. 1992) (district court properly refused to enforce offer of judgment where plaintiff's acceptance attempted to change terms of offer; relying in part on parties' oral communications).

Here, the offer is not ambiguous and the Court need not consider extrinsic evidence. The Court notes, however, that plaintiff's attorneys have extensive experience and expertise in employment litigation. Given their experience, plaintiff's attorneys could not conceivably have believed that the offer of judgment left open the issue of attorney's fees and costs.